# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAYSAM KENT SMITH, | ) | 1:10cv0373 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| AMTRAK RAILWAYS, U.S.A., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Kaysam Kent Smith ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this action. Plaintiff filed his complaint on March 1, 2010.

**DISCUSSION**

A.  Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
4 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
5 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6 complaint under this standard, the court must accept as true the allegations of the complaint in
7 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
8 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
9 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff alleges that on January 25, 2005, he was arrested at Amtrak Union Station in Portland, Oregon.  Prior to his arrest, he had a conversation with D.E.A. Agent David Tyree about the wall-mounted security cameras.  Plaintiff was arrested and charged for the contents of a bag, though he contends that the security camera footage would show that he did not bring the bag into the station.

During court proceedings, Plaintiff attempted to contact James Ducevoir, the Chief of Security at Union Station.  Mr. Ducevoir was served with a subpoena in a criminal case on September 19, 2005.  The subpoena requested any and all security/surveillance tapes for the Amtrak Portland Station for January 25, 2005.  Plaintiff contends that Mr. Ducevoir lied when he testified under oath that the station did not have surveillance cameras in the waiting room area on the day of Plaintiff's arrest.  He contends that as a result, he has lost his liberty and continues to suffer emotionally and mentally.  Plaintiff requests $5,000,000 in damages.

C.   Section 1983

Plaintiff purportedly brings this action under 42 U.S.C. § 1983, which provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir.1987).

Amtrak, however, is not a state actor for purposes of section 1983.  In Lebron v. National R.R. Passenger Corp., 513 U.S. 374, 394 (1995), the Supreme Court found that AMTRAK "is an agency or instrumentality of the United States for the purpose of individual rights guaranteed against the Government by the Constitution."

Plaintiff is therefore unable to state a cause of action pursuant to 42 U.S.C. § 1983 against Amtrak.

B.   Bivens Action

To the extent Plaintiff attempts to state a Bivens action against Amtrak, his attempt fails. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971) (establishing that constitutional claims may be brought against federal actors).  A Bivens claim is not available against a federal agency.  FDIC v. Meyer, 510 U.S. 471, 486 (1994).  Nor is there vicarious liability in a Bivens action.  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1947 (2009).  Plaintiff has not made any such allegations.

C.   Nature of Action

The exact nature of Plaintiff's action is unclear.  Essentially, he is seeking to impose liability on Amtrak for the alleged acts of Amtrak's Chief of Security.  According to Plaintiff, he has lost his liberty and suffered emotional distress because the Chief of Security testified falsely in Plaintiff's criminal proceedings.

In addition to the deficiencies noted above and likely statute of limitations issues, Plaintiff's complaint fails to state a claim for which relief can be granted.  First, California law

1 does not recognize a civil cause of action for perjury.  Ting v. United States, 927 F.2d 1504, 1515
2 (9th Cir.1991) (citing Agnew v. Parks, 172 Cal.App.2d 756, 765 (1959).  Rather, perjury is only
3 punishable as a criminal offense.  See People v. Garcia, 39 Cal.4th 1070, 1091 (2006) (listing the
4 elements of the crime of perjury); see also Holt v. Castaneda, 832 F.2d 123, 124 (9th Cir. 1987)
5 (plaintiff cannot maintain a suit for damages under section 1983 against a police officer who
6 gives perjurious testimony during pretrial proceedings in a criminal case).
7         Finally, to the extent Plaintiff attempts to challenge the legality or duration of the
8 resulting sentence, his sole federal remedy is a writ of habeas corpus.  Wilkinson v. Dotson, 544
9 U.S. 74 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th
10 Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

11                              **RECOMMENDATION**

12         Accordingly, for the reasons discussed above, the Court RECOMMENDS that this action
13 BE DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief
14 can be granted.
15         These Findings and Recommendation are submitted to the Honorable Oliver W. Wanger
16 pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served
17 with these Findings and Recommendation, Plaintiff may file written objections with the Court.
18 Such a document should be captioned "Objections to Magistrate Judge's Findings and
19 Recommendations."  Plaintiff is advised that failure to file objections within the specified
20 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
21 (9th Cir. 1991).

23         IT IS SO ORDERED.
24     Dated:   **March 8, 2010**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE